**United States District Court
District of Massachusetts**

|  |  |  |
|---|---|---|
| ANDREW P. MALLON., | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **CIVIL ACTION** |
| | ) | **No. 14-40027-TSH** |
| JOHN MARSHALL and | ) | |
| DENNIS J. GOEBEL, | ) | |
| Defendants | ) | |

**MEMORANDUM OF DECISION AND ORDER ON
DEFENDANTS' MOTIONS TO DISMISS**
**March 31, 2015**

**HILLMAN, District Judge**

### Background

Plaintiff, Andrew Mallon ("Plaintiff") has filed a Complaint against defendants, John Marshall and Dennis Goebel ("Defendants") asking the Court for declaratory judgment that he is the co-author of a scientific research paper, under the Copyright Act, 17 U.S.C. §§ 101 *et seq*. Defendants filed separate motions to dismiss the Complaint, which are argued in a joint Memorandum. For the following reasons, the motion to dismiss is denied.

### Facts

Plaintiff joined the Defendant Marshall's laboratory at Brown University in July 2008 as a post-doctoral research associate. *See* Complaint, Docket No. 1, ¶ 8. Plaintiff was primarily in charge of researching a compound called CN 2097 and is the inventor on the patent protecting this work. He planned, prepared, or reviewed all of the data related to that project and supervised and trained other scientists working on the project. *Id*. ¶ 12.

In October 2011, Plaintiff and Defendant submitted a paper describing their work to Neuron (the "Neuron Paper"), a leading academic journal. The Neuron Paper listed Plaintiff as the first author, representing his leading role in conceiving, researching and drafting the paper. Neuron did not publish their paper on CN 2097. *Id*. ¶ 22. Plaintiff suggested they submit their paper on CN 2097 to PLOS Biology, another academic journal, for publication. Plaintiff delineated detailed revisions to the paper to improve the quality of the submission. *Id*., ¶ 23. In November of 2011, Plaintiff and Defendant had a falling out and stopped working together. *Id*. ¶24. Defendants Marshall and Goebel made additional changes and revisions to the paper, however, the core of the paper remained Plaintiff's work related to CN 2097. *Id*. ¶¶ 27 & 28. Defendants Marshall and Goebel presented the paper for submission in the journal PLOS Biology, where it was ultimately accepted for publication. *Id*. They did not list Plaintiff as an author. *Id*. ¶¶ 27, 28. In addition, they signed a Creative Commons Attributions License, which allows anyone to use the copyrighted work in return for citing the authors and source.

Defendants now move to dismiss Plaintiff's claim, arguing that Plaintiff has not created copyrightable work, that he has no rights of attribution under the Copyright Act, that he is not a joint author of the PLOS Biology Paper, that his copyright is assigned to Brown as a work for hire, and that the case should be dismissed because Plaintiff has not registered a copyright. Plaintiff opposes the motion and contends that his work on the CN 2097 draft was indeed independent copyrightable expression and that he is co-author of the PLOS Biology paper within the meaning of 17 U.S.C. § 102. Plaintiff further argues that he has not claimed a right of attribution and that academic papers are not considered works for hire under the Copyright Act.[1]

---

[1] Plaintiff also requested Leave to File an Amended Complaint in his Opposition and included an Amended Complaint as an exhibit to his opposition. *See* Docket No. 27, at p. 7. As discussed at the hearing, such a request cannot be filed as part of the opposition and should be filed under separate motion.

**<u>Discussion</u>**

To survive a Rule 12(b)(6) motion to dismiss, the factual allegations in a complaint must "possess enough heft" to state a claim to relief that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007). "A case has 'facial plausibility' when plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Plausible, of course, means more than merely possible, and gauging a pleaded situation's plausibility is a 'context-specific' job that compels [the Court] 'to draw on' [its] 'judicial experience and common sense.'" *Schatz v. Republican State Leadership Comm.*, 669 F.3d 50, 55 (1st Cir. 2012) (quoting *Iqbal*, 556 U.S. at 679).

Dismissal for failure to state a claim is appropriate where pleadings fail to set forth factual allegations respecting each element necessary to sustain recovery under a legal theory. *Gagliardi v. Sullivan*, 513 F.3d 302, 304 (1st Cir. 2008). At the motion to dismiss stage, all well-pled facts in the complaint are entitled to an assumption of veracity and all reasonable inferences must be drawn in the Plaintiff's favor. *Ruiz v. Bally Total Fitness Holding Corp.*, 496 F.3d 1, 5 (1st Cir.2007).

A cause of action arises under the copyright laws if the complaint seeks "a remedy expressly granted by the Act (17 U.S.C. § 101 et seq.) … or asserts a claim requiring construction of the Act, … or, at the very least and perhaps more doubtfully, presents a case where the distinctive policy of the Act requires that federal principles control the disposition of the claim." *T. B. Harms v. Eliscu*, 339 F.2d 823 (2nd Cir. 1964), *cert. den.*, 381 U.S. 915, 85 S. Ct. 1534 (1965). In this case, where Plaintiff's alleged co-ownership results from purported statutory co-authorship, that question is governed by the Copyright Act. *See Cambridge Literary*

*Properties, LTD. V. W. Goebel Porsellanfabrik G.m.b.H. & Co*, 510 F.3d 77, 81 n.1. Plaintiff alleges that he co-authored the paper that went on to be published in PLOS Biology with the Defendants and that the work is therefore a joint work within the meaning of 17 U.S.C. § 101. Plaintiff seeks a declaratory judgment to this effect. Section 101 provides that copyright "vests initially in the author or authors of the work," and that "(t)he authors of a joint work are co-owners of copyright in the work." 17 U.S.C. § 201(a). Thus, the claimed right upon which Plaintiff bases his claim arises directly from the statute.

In order to establish the first element, co-authorship of a joint work, the claimant must show that each of the putative co-authors: 1) made independently copyrightable contributions to the work; and 2) intended to be co-authors whose respective contributions would be merged into a joint work. 17 U.S.C.A. §§ 101, 201(a). With regard to the first element of the test for joint authorship, an author's contribution is independently copyrightable if the contribution is an "original work ... fixed in any tangible medium of expression." 17 U.S.C. § 102. A work of authorship is considered "original" if the work is independently created by the author, and it possesses at least some minimal degree of creativity. *CMM Cable Rep, Inc., v. Ocean Coast Properties, Inc.,* 97 F.3d 1504, 1516 (1st Cir.1996); *Cabrera v. Teatro del Sesenta, Inc.,* 914 F.Supp. 743, 762 (D.P.R.1995). Defendants argue that the Plaintiff's CN 2097 research and writing work are "ideas" and "processes" and therefore were not copyrightable as defined in the statute, which states:

> In no case does copyright protection for an original work of authorship extend to any idea, procedure, process, system, method of operation, concept, principle, or discovery, regardless of the form in which it is described, explained, illustrated, or embodied in such work.

17 U.S.C. § 102(b).

The First Circuit Court of Appeals has expounded on this section of the statute in holding that *descriptions* of a process are, however, copyrightable. *See Situation Mgmt. Sys., Inc*. v. ASP Consulting, LLC, 560 F.3d 53, 61 (1st Cir. 2009) (emphasis in original) (concluding that "[t]he fact that [the plaintiff's] works describe processes or systems does not make their expression non-copyrightable" and thus, the plaintiff's "creative choices in describing those processes and systems ... are subject to copyright protection"). *Accord*, *Feist Publ'ns, Inc. v. Rural Tel Serv. Co.*, 499 U.S. at 350–51 (1991) (holding that a factual compilation may be entitled to copyright protection if it features an original selection or arrangement of facts even though the underlying facts themselves are non-copyrightable). The fact that Plaintiff's work describes ideas, processes or systems does not make his expression non-copyrightable and resolution of this issue will require a far closer review of the papers than is necessary at this stage of the case.

The Court will go on to briefly discuss the second element of the test for joint authorship- the parties' intent. Plaintiff alleges that he intended that his contributions to the "Neuron Paper' would be revised and later published into a joint work. Accordingly, to the extent that Plaintiff has plead the requisite intent that his independent work on the Neuron Paper be merged into a paper that would later be written and published as the PLOS Biology paper, it may be considered joint work under the Copyright Act. The Court finds that Plaintiff has pled sufficient facts to establish the facial plausibility of his claim.

## Conclusion

For the foregoing reasons, Defendants' Motions to Dismiss (Docket Nos. 21 and 22) are ***denied***.

/s/ Timothy S. Hillman
TIMOTHY S. HILLMAN
UNITED STATES DISTRICT JUDGE

5