UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                    )
ANDREW P. MALLON,                   )
                                    )     CIVIL ACTION
            Plaintiff,              )
                                    )     NO. 4:14-CV-40027-TSH
       v.                           )
                                    )
JOHN MARSHALL and                   )
DENNIS GOEBEL,                      )
                                    )
            Defendants.             )
_____

# MEMORANDUM AND ORDER ON DEFENDANTS' MOTION FOR ATTORNEY'S FEES
### (Docket No. 62)

**July 31, 2017**

**HILLMAN, D.J.**

John Marshall and Dennis Goebel, the prevailing defendants in the underlying copyright dispute, filed the present motion seeking fee shifting under 17 U.S.C. § 505, entitled "Remedies for infringement: costs and attorney's fees," which allows for the discretionary award of costs and fees to the prevailing party "in any civil action" under the Copyright Act. 17 U.S.C. § 505.

As a threshold issue, the plaintiff, Andrew Mallon, argues that, because §505 is titled "Remedies for infringement" it does not apply to the instant case – an authorship dispute that did not include any infringement claims. This Court rejects Mallon's argument because such an interpretation imputes a meaning to a section heading that is contrary to the plain language of the statute, which provides for a fee award "[i]n *any* civil action under this title." 17 U.S.C. § 505 (emphasis added). It is well settled that "the title of a statute and the heading of a section cannot limit the plain meaning of the text." *Brotherhood of R. R. Trainmen v. Baltimore & O. R. Co.*, 331

1

U.S. 519, 528–29, 67 S. Ct. 1387, 1392 (1947); *see also Ackoff-Ortega v. Windswept Pac. Entm't Co. (Inc.)*, 2001 WL 225246, at *4, n.9 (S.D.N.Y. Mar. 2, 2001). The underlying action sought declaratory judgment that Mallon was a co-author and co-owner of the PLoS Biology paper, and was ultimately disposed of on summary judgment under 17 U.S.C. § 101. Accordingly, the §505 fee-shifting provision is appropriately considered here.

In *Kirtsaeng v. John Wiley & Sons, Inc.*, 136 S. Ct. 1979 (2016), the Supreme Court, referencing the primacy of the broad purpose of respective statutes in the operation of fee shifting provisions, indicated that "fee awards under §505 should encourage the types of lawsuits that promote those purposes." *Kirstaeng*, 136 S. Ct. at 1986. In discussing the "double-edged" nature of fee shifting provisions, the Supreme Court acknowledged that encouraging litigants to pursue their positions in "hard cases" was in the interest of furthering the statutory intent of balancing the interests of creators and consumers of copyrightable works. *Id*. at 1987. The *Kirstaeng* court further offered that "in any given case a court may … deny fees even though the losing party made unreasonable [arguments]," and that "[a]lthough objective reasonableness carries significant weight, courts must view all the circumstances of a case on their own terms, in light of the Copyright Act's essential goals." *Id*. at 1988-89. The Court counseled the District Court to give "substantial weight to the reasonableness of [the non-prevailing party's] litigating position, but also tak[e] into account all other relevant factors." *Id*. at 1989. These factors include "frivolousness, motivation…and the need in particular circumstances to advance considerations of compensation and deterrence." *Id.* at 1985 (quoting *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 114 S.Ct. 1023 (1994)).

Marshall and Goebel argue that Mallon's position that he was a co-author and co-owner of the PLoS Biology paper, and thus had the right to retract its publication, was objectively

2

unreasonable. Even if this court could accept this, the unreasonableness of Mallon's argument would not be, by itself, dispositive following *Kirtsaeng*. Moreover, this Court does not find Mallon's position regarding his joint authorship was objectively unreasonable. This Court was tasked with wading through a morass of off-point argument produced by both parties, neither of whom clearly or concisely briefed or elucidated the legal question at the heart of this matter. In considering the case as a whole and all other relevant factors, this Court does not find the Defendants' argument concerning the objective unreasonableness of Mallon's position convincing, even when reiterated at length.

Defendants also raise Mallon's motivation or "bad faith." The Court is well aware that this action is part of a broader dispute between the parties which was not before this Court. It has been onerous for the Court to pick through the *ad hominem* attacks, invective, hearsay, and attempts to raise irrelevant disputes that both parties, but particularly the *Defendants*, have indulged in throughout this matter. Mallon's academic work on a project that evolved into the publication in dispute was not acknowledged by authorship or by a right to correct or amend content with which he disagreed. Mallon sought to use copyright to assert what he felt was a legitimate right concerning disposition and control of academic work that he contends was the result of his efforts. While the Court ultimately concluded that Mallon had no remedy in copyright, this is not to say that the Court didn't understand his motivation. The Court finds no evidence of bad faith on his part, and Defendants' attempts to (re)introduce other elements of their unsavory dispute lack merit here.

Defendants further raise the issue of deterrence. Deterrence is a factor that is properly considered in deciding a §505 fee-shifting motion, however, in the present case, the Court sees no grounds for specific or general deterrence to favor fee-shifting. There is no reason to believe that

3

Mallon is likely to file a series of similar suits if he is not punished by fee-shifting, and generally, as both parties appeared to have trouble putting their finger on the dispositive legal issue, this court would not want to deter future litigants from seeking redress in hard-to-decide cases.

Considering the totality of the circumstances, this Court declines to award any fees under 17 U.S.C. § 505. The parties will pay their own costs and fees.

## Conclusion

For the reasons set forth above, Defendants' motion for attorneys' fees (Docket No. 62) is *denied*.

**SO ORDERED.**

/s/ *Timothy S. Hillman*
**TIMOTHY S. HILLMAN**
**DISTRICT JUDGE**